UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACK DVEIRIN | * | CIVIL ACTION |
| VERSUS | * | NO. 23-5146 |
| STATE FARM FIRE & CASUALTY COMPANY | * | SECTION "A" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Jack Dveirin's Motion to Compel. ECF No. 29. Defendant State Farm Fire & Casualty Company timely filed an Opposition Memorandum. ECF No. 59. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.     RELEVANT BACKGROUND**

Plaintiff Jack Dveirin filed suit against State Farm Fire & Casualty Company seeking to recover contractual insurance benefits and extra-contractual damages relating to property damage sustained during Hurricane Ida. ECF No. 1-1.

Plaintiff issued Interrogatories and Requests for Production on August 1, 2024, to which State Farm responded on October 4, 2024. ECF No. 29 at 1. Dissatisfied, Plaintiff now moves to compel responses to Interrogatory Nos. 6, 14 and 18, Requests for Production Nos. 1, 8-9, 13, 25 and 31, and for deposition dates of Neysa Leicher, Grayson Butler and potential experts that recently inspected the property. ECF No. 29-1 at 3. Plaintiff argues that State Farm has raised

1

improper objections, improperly invoked Rule 33(d) of the Federal Rules of Civil Procedure, and failed to provide deposition dates. *Id.* at 4-15.

In Opposition, State Farm notes that the motion is moot as to deposition dates as the parties have agreed to stay discovery until the resolution of the pending motion to disqualify counsel. ECF No. 59 at 1.  It further argues that the motion is premature because Plaintiff failed to conduct the required Rule 37 conference in good faith and then filed this motion before the agreed deadline. *Id.* at 3-4.  State Farm has since delivered supplemental responses that moot the motion as to Interrogatory Nos. 6 and 8 and Requests for Production Nos. 1, 8 and 9. *Id.* at 4-5.[1]  State Farm argues that, until reading Plaintiff's motion, it did not understand that he sought the guidelines and manuals for Roofing Locator Service, and it will produce same upon entry of a protective order. *Id.* at 5.[2]  State Farm also argues that no further response is required for Interrogatory No. 18 because it is not proper to require State Farm to marshal its evidence and respond, on a line-by-line basis, to the 416 separate line items in Plaintiff's two repair estimates. *Id.* at 6-7.  Further, State Farms argues that no further response is require for Request for Production No. 13 because information regarding payments to third party adjusters and vendors is irrelevant and proprietary, and relevant information from same is available through deposition. *Id.* at 8-10.

II.     **APPLICABLE LAW**

   A. **Scope of Discovery**

   Rule 26 of the Federal Rules of Civil Procedure authorizes parties to:

   obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[1] Although State Farm cites to Exhibit B as evidence of its supplemental responses, that exhibit is only the cover letter transmitting same, not the supplemental discovery responses. ECF No. 59-2.
[2] The Court entered the requested protective order on January 15, 2025.  ECF No. 61.

2

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[3]

Information need not be admissible into evidence to be discoverable.[4] Rather, information merely needs to be *proportional* and *relevant* to any claim or defense.[5] The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."[6]

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissible evidence at the trial stage.[7] At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[8] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[9] If relevance is in doubt, a court should allow discovery.[10] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[11]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[12] discovery does have "ultimate and necessary boundaries."[13] The parties and the court have a collective responsibility to ensure that discovery

---

[3] FED. R. CIV. P. 26(b)(1).
[4] *Id.*
[5] *Id.*
[6] FED. R. CIV. P. 26(b)(1) advisory committee's notes to 2015 amendment.
[7] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[8] *Id*. (brackets and citations omitted).
[9] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[10] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[11] *Rangel*, 274 F.R.D. at 590 n.5 (quoting *In re Gateway Eng'rs, Inc.*, No. 09-209, 2009 WL 3296625, at *2 (W.D. Pa. Oct. 9, 2009)).
[12] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).
[13] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

is proportional, and Rule 26(b)(2)(C) *mandates* that the Court limit the frequency or extent of discovery otherwise allowed, if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[14]

"The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."[15]

### B. Duties in Responding to Interrogatories and Requests for Production

Both Rules 33 and 34 require a party to serve responses within 30 days of service, absent court order or stipulation. FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[16] Likewise, a party responding to Requests for Production must produce responsive documents within that party's actual or constructive possession, custody or control, which production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response." FED. R. CIV. P. 34(a)(1), (b)(2)(B).[17]

---

[14] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[15] FED. R. CIV. P. 26(b)(1) advisory committee's notes to 2015 amendment.
[16] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018) (citing 8B WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2174 (3d ed. 2013)).
[17] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

> Pursuant to Rule 33(d):
>
> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
>> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . .

A reference to business records must be provided with specificity and sufficient detail; it is improper for a party to cite such records *in toto*.[18]

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[19] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[20] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[21]

---

[18] *KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497, 2011 WL 765925, at *3 n.14 (M.D. La. Feb. 25, 2011) (citations omitted) ("Rule 33(d)(1) requires that answers using the business records option must specify the records to be reviewed in enough detail so that the interrogating party can locate and identify them as easily as the responding party. Thus, it is improper to direct the interrogating party to a mass of business records or offer to make all of the party's business records available.").
[19] *Lopez*, 327 F.R.D. at 580 (citation omitted).
[20] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015).
[21] *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051 at *3 (E.D. La. Jan. 20, 2015) (citation omitted) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.").

Likewise, for each request for production, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objecting to the request, including the reason. FED. R. CIV. P. 34(b)(2)(B). Any objections "must state whether any responsive materials are being withheld on the basis of that objection," and if the responding party objects, it must specify the objectionable part and permit inspection of the rest. *Id.* at 34(b)(2)(C). Objections interposed without also clearly indicating whether any document or information is being withheld are improper.[22]

### C. The Work Product Doctrine

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> 
>     (i) they are otherwise discoverable under Rule 26(b)(1); and
> 
>     (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3)(A). Thus work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation for litigation.[23]

Work product is not, however, "an umbrella that shades all materials prepared by a lawyer . . . ."[24] It focuses only on materials assembled and brought into being in anticipation of litigation.[25]

---

[22] *Chevron Midstream Pipelines*, 2015 WL 269051, at *4.
[23] *Blockbuster Ent. Corp. v. McComb Video, In*c., 145 F.R.D. 402, 403 (M.D. La. 1992); *see generally Hickman v. Taylor*, 329 U.S. 495 (1947).
[24] *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982); *Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000).
[25] *Piatkowski*, 2000 WL 1145825, at *2.

Excluded from the work product doctrine are materials assembled in the ordinary course of business or pursuant to public requirements unrelated to litigation.[26] If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation.[27] Likewise, the work product doctrine does not protect underlying facts relevant to litigation.[28]

> It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.[29]

In making the fact-specific inquiry as to whether a particular document is work product, "courts consider the primary motivating purpose behind the creation of the document, more so than the timing of production of that document."[30] Mere proximity in time between the subject

---

[26] *El Paso*, 682 F.2d at 542 (citation omitted); *Guzzino v. Felterman*, 174 F.R.D. 59, 62 (W.D. La. 1997) (quoting *El Paso*, 682 F.3d at 542); *accord.* 8 C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 503 n.18 (3d ed. 2010); *see also Hill Tower, Inc. v. Dep't of Navy*, 718 F. Supp. 562, 565 (N.D. Tex. 1988) (citations omitted) ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.").

[27] *Glob. Oil Tools, Inc. v. Barnhill*, 12-1507, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013) (quoting *Piatkowski*, 2000 WL 1145825, at *1; *S. Scrap Material Co. v. Fleming*, No. 01-2554, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003)); *see also Brown v. Performance Energy Servs., LLC*, No. 08-852, 2009 WL 10679000, at *1 (E.D. La. Jan. 12, 2009) (citations omitted) (holding that claims file documents filed before receipt of letter from plaintiff's attorney were prepared in the ordinary course of the insurer's business of conducting, investigating and evaluating claims against its policies, and thus were not protected by the work-product doctrine).

[28] *See Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981).

[29] *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. Unit A Feb. 1981) (citations omitted), *cert. denied*, 454 U.S. 862 (1981); *accord. In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000), *cert. denied*, 532 U.S. 919 (2001).

[30] *Hous. Cas. Co. v. Supreme Towing Co.*, No. 10-3367, 2012 WL 13055045, at *3 (E.D. La. Sept. 17, 2012) (Morgan, J.) (citation omitted). Mere proximity in time–while a factor to be considered–is not alone determinative. On one hand, the work product "privilege can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 393 (5th Cir. 2012) (quoting *In re Kaiser*, 214 F.3d at 593). On the other hand, "[t]he mere fact that a document is prepared when litigation is foreseeable does not mean the document was prepared in anticipation of litigation . . . ." *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 93-3084, 1994 WL 58999, at *3 (6th Cir. 1994) (citing *Nat'l Union Fire Ins. Co. of Pittsburg v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992)). Even "[e]stablishing that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation. . . . What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *Robinson v. Tex. Auto. Dealers Ass'n*, 214

incident, the taking of the statement and the commencement of litigation – while a factor to be considered – is not alone determinative. "What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'"[31] Thus, "[t]he law is settled that 'excluded from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'"[32] "If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation."[33]

"In the realm of insurance claims and litigation, the analysis of whether documents were prepared in anticipation of litigation becomes more complicated. This is primarily because insurance companies are in the business of conducting, investigating and evaluating claims against its policies."[34] To determine whether insurance documents, such as adjusting documents, are worthy of work product protection, a court must undertake a fact-specific analysis.[35] The insurer must first point the court towards the critical factor that made it anticipate litigation and secondly offer specific facts demonstrating that the critical factor caused the insurer to deal with the insured differently.[36]

---

F.R.D. 432, 449-50 (E.D. Tex. 2003) (quoting *In re Kaiser*, 214 F.3d at 593), *vacated in part*, No. 03-40860, 2003 WL 21911333 (5th Cir. July 25, 2003); *accord. Barnhill*, 2013 WL 1344622, at *6; *Guzzino*, 174 F.R.D. at 63.

[31] *Robinson*, 214 F.R.D. at 449-50 (quoting *In re Kaiser*, 214 F.3d at 593); *accord. Barnhill*, 2013 WL 1344622, at *6; *Guzzino*, 174 F.R.D. at 63.

[32] *Guzzino*, 174 F.R.D. at 63 (quoting *El Paso*, 682 F.3d at 542); *accord.* 8 C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 503 n.18 (3d ed. 2010); *see also Hill Tower, Inc.*, 718 F. Supp. at 565 (citations omitted) ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.").

[33] *Barnhill*, 2013 WL 1344622, at *6 (quoting *Piatkowski*, 2000 WL 1145825, at *1; *Fleming*, 2003 WL 21474516, at *6).

[34] *Kan. City S. Ry. Co. v. Nichols Constr. Co.*, No. 05-1182, 2007 WL 2127820, at *3 (E.D. La. July 25, 2007).

[35] *St. Tammany Par. Hosp. Serv. Dist. No. 1 v. Traveler's Prop. Cas. Co. of Am.*, No. 07-1065, 2008 WL 11355069, at *4 (E.D. La. May 29, 2008) (citation omitted).

[36] *Id.*

8

## III. ANALYSIS

These are the particular discovery requests and responses at issue. ECF No. 29-6.

INTERROGATORY NO. 6:
Please identify the date and manner in which you received notice of the claim, the person or entity that provided notice, the date which you acknowledged receipt of the claim, and the date you notified the claimant in writing of the acceptance or denial of the claim.
ANSWER TO INTERROGATORY NO. 6:
State Farm objects to this request as the term "notice" is vague and ambiguous in this context. Subject to the objections, on May 21, 2021, Plaintiff made a claim related to an unnamed windstorm, and on September 2, 2021, Plaintiff made a claim related to Hurricane Ida. State Farm further refers to the information pertaining to State Farm's handling of the subject claim in the Claim File produced in State Farm's Responses to Request for Production of Documents.

State Farm's written response identifies the date of notice and the person who provided notice. It does not identify the manner in which the notice was received (i.e., telephone, letter, email, etc.), the date on which State Farm acknowledged receipt, or the date State Farm notified claimant in writing of the acceptance or denial of the claim. Although State Farm indicates that it issued a supplemental response to Interrogatory No. 6, it failed to attach that supplemental response to its Opposition. Further, it fails to address Plaintiff's argument that State Farm's production of documents under Rule 33(d) is insufficient.

To the extent that State Farm's supplemental responses does not set forth the (a) manner in which notice was received, (b) date on which State Farm acknowledged receipt, and (c) date on which State Farm notified claimant in writing of the acceptance or denial of the claim, State Farm must further supplement its Response to Interrogatory No. 6.

INTERROGATORY NO. 14:
List any prior claims against this property that you will or may rely upon in determining coverage or exclusions.
ANSWER TO INTERROGATORY NO. 14:
State Farm objects to this request as it is premature. Discovery is ongoing and State Farm has not yet gathered all necessary information that may allow it to fully respond to this request. State Farm further objects to this request as neither

9

relevant nor is it reasonably calculated to lead to the discovery of admissible evidence because State Farm handles each claim according to its individual merits and unique set of circumstances. Notwithstanding the foregoing, included in the produced Claim File that is the subject of this litigation, is information reflecting Plaintiff's prior claims (if any) on the subject policy of insurance. State Farm reserves the right to supplement this request in the future in accordance with any pretrial order issued by the Court in this matter.

Initially, State Farm's objections of prematurity and relevance are overruled. Rule 26(e) expressly contemplates supplementation of a discovery response when additional or corrective information is later discovered. Thus, State Farm is obliged to answer the interrogatory as fully as possible based on its review of reasonably available information in its files. Should additional information be discovered later, it must then supplement in accordance with Rule 26(e). Further, the condition of the property (and any pre-existing damage) is relevant to the claims and defenses in this case.

That said, State Farm's response indicates that it has provided its claim file, which includes any prior claim information. Further, State Farm indicates that it issued a supplemental response to Interrogatory No. 14, but again, it failed to attach same to its Opposition. To the extent that State Farm's supplemental response directs Plaintiff to the particular documents in the Claims File reflecting prior claims, State Farm's response under Rule 33(d) satisfies its obligation to respond to Interrogatory No. 14. No further response would be required. If, however, State Farm's response does not direct Plaintiff to the portion of the Claims File constituting prior claims, State Farm must supplement this response.

INTERROGATORY NO. 18:
Please identify with particularity each line item of PSA and Precision Construction & Roofing's assessment of damages to the Property resulting from Hurricanes Ida for which State Farm contends Plaintiffs are not entitled to payment. Please provide the basis for State Farm's disagreement with each of the line items previously identified.

ANSWER TO INTERROGATORY NO. 18:

10

State Farm objects to this request as it seeks the mental impressions, thought processes, and defense theories of undersigned counsel, which are protected by the attorney client privilege and/or work-product doctrine. State Farm further objects to this request as overly broad and potentially unduly burdensome with respect to the use of the phrase "each line." Notwithstanding the objections, State Farm defers to any and all affirmative defenses set forth in its responsive pleadings. State Farm further avers that Plaintiff's August 2023 PSA estimate is inflated and exceeds the scope of covered and necessary repairs. Further, Plaintiff's PSA estimate does not consider pertinent policy provisions, such as the Loss Settlement section related to Common Construction. State Farm further refers to the Policy (policy no. 18-43-3700-8), which was issued to Jack L. Dveirin for the property located at 7925 Willow Street, New Orleans, Louisiana; State Farm avers that the Policy, being a written contract, is the best evidence of its terms, conditions, and exclusions which are incorporated as if pled herein in their entirety. State Farm denies everything at variance therewith.

State Farm's objections to this Interrogatory are sustained. As drafted, Plaintiff essentially asks State Farm to analyze each of the 412 lines contained in their two experts' estimates and respond as to potential coverage for each item. As such, this request is appropriately characterized as 412 separate interrogatories, each asking State Farm to address whether same (a) was damaged as a result of Hurricane Ida and (b) whether such damage falls within its policy coverage. Counting subparts, this interrogatory far exceeds the 25-interrogatory limit of Rule 33 and is not proportional to the needs of the case. Further, the information sought through this interrogatory is more appropriately discovered through deposition of experts and exchange of expert reports, which will identify what covered damages State Farm contends were caused by Hurricane Katrina.

No further response is required.

REQUEST FOR PRODUCTION NO. 1:
Please produce all photos, videos, schematics, sketches, drawings, and blueprints of Plaintiffs' Property taken or obtained by Defendant for any purpose, including prior claims.
RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
State Farm objects to the production of any sketches, schematics, drawings, or blueprints of Plaintiff's property as said materials would be performed in anticipation of litigation and are protected by attorney/client privilege and/or work product doctrine and therefore are not discoverable. State Farm objects to this request as it is unduly burdensome and overly broad in subject matter, scope, and

11

time, seeks information that has no bearing on Plaintiff's individual property claim made the basis of the lawsuit, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objections, please see claim documents attached.

Plaintiff argues that it seeks the one photo sheet report from the first inspection in October 2021 and that State Farm check with its seven adjusters to see whether any of them have photographs. ECF No. 29-1 at 10. Plaintiff asks that State Farm either produce the photos or affirmatively state that none exist. *Id.* State Farm responds that the motion is moot as to this item because it supplemented its response, but again, it failed to attach the supplemental response. ECF No. 59 at 4.

Based on this record, the Court is unable to determine whether State Farm has fully responded to Request for Production No. 1. State Farm provides no evidence to support the assertion of work product as to any photographs taken by the adjuster during the adjustment process, which would presumably qualify as photographs taken during the ordinary course of business rather than exclusively done in anticipation of litigation. Photographs of experts, however, would appear to qualify as work product. At this point, it is unclear what photographs exist and what photographs have been produced. Accordingly, State Farm must provide supplemental written responses identifying each set of photographs taken. As to each set of photographs, State Farm must further advise whether it is producing same (if they were obtained in the ordinary course of business) or invoking work product protection (if they were obtained in anticipation of litigation). Any document withheld must be identified on a privilege log.

> REQUEST FOR PRODUCTION NO. 8:
> Please produce all documents including but not limited to, reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant from any source regarding inspections of the Property for the past ten (10) years, including but not limited to:
> a. Any plumbing reports prepared from the Date of Loss to the present concerning the Property.

      b. Any and all roofing repair reports prepared concerning the Property.
      c. Any and all foundation repair or remediation reports concerning the Property.
      d. Any and all photographs, videotapes, diagrams, drawings, other graphic depictions and recordings of Plaintiff or Plaintiffs' Property, regardless of whether to intend to offer these items into evidence at trial.
      e. The Plaintiffs' entire file from the office of their insurance agent.
      f. 4 Point Inspections.
      g. ISO Claim Search reports.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

      State Farm objects to this request as the term "4-point inspections" are vague and ambiguous in this context. State Farm objects to this request as it is unduly burdensome, is overly broad in subject matter, scope, and time, seeks information that has no bearing on Plaintiff's individual property claim made the basis of the lawsuit, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objections, please see claim documents attached.

Plaintiff argues that this request seeks the Insurance Service Office ("ISO") search report, and asks that State Farm be compelled to either produce the ISO report or affirmatively state that none exist. ECF No. 29-1 at 12. State Farm responds that the motion is moot as to this item because it supplemented its response, but again, it failed to attach the supplemental response. ECF No. 59 at 4. Based on this record, the Court is unable to determine whether State Farm has fully responded to Request for Production No. 8. State Farm must provide a supplemental response that either confirms it has produced the ISO claim search report or that none exists in its files.

    REQUEST FOR PRODUCTION NO. 9:

      Please produce any and all documents relating to Defendant and/or its agent's decision to accept or deny coverage concerning Plaintiffs' claim(s) made the subject of this lawsuit. This request specifically refers to all types of coverage that Plaintiffs made a claim pursuant thereto and any type of coverage that was available to Plaintiffs.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

      State Farm objects to the Request as redundant of Request for Production No. 4, which objections are incorporated by reference. To the extent it is not redundant, State Farm objects to the request as vague, ambiguous, vague, unduly burdensome, overbroad, not limited in time or scope, seeks information that is not relevant and is not proportional to the needs of this case, and a potential invasion of the attorney-client privilege and the work product doctrine.

State Farm again asserts that its supplemental response has mooted the motion as to this Request. ECF No. 59 at 4. Without seeing the supplemental response, however, the Court is unable to determine whether State Farm has fully responded to Request for Production No. 9. State Farm's objection based on vagueness and ambiguity are overruled. Likewise, its relevance objection is overruled. The basis for denial or acceptance of coverage is relevant to the claims and defenses in this case, including the bad faith claims. State Farm's objections as to overbreadth and lack of limitation as to time or scope are sustained. The request is limited to claims for damages arising from Hurricane Ida and the time period limited to August 29, 2021 through date.

To the extent that State Farm contends portions of the Claims File (incorporated by reference to Request for Production No. 4) and/or any responsive documents in State Farm's possession reflecting its decision to accept or deny coverage is protected by the attorney-client privilege, State Farm must provide a privilege log identifying the withheld document or redacted note.

> REQUEST FOR PRODUCTION NO. 13:
> Please produce any and all invoices, payment logs, payment arrangements and/or payment schedules made between the Defendant and/or its agent with adjusters and/or third-party adjusters and/or vendors concerning the handling of Plaintiffs' claims that are the subject of this lawsuit.
> RESPONSE TO REQUEST FOR PRODUCTION NO. 13:
> State Farm objects to this request as it is vague, ambiguous, unduly burdensome, overly broad in subject matter and scope and seeks documentation that is not relevant, and seeks documentation that is not reasonably calculated to lead to the discovery of admissible evidence.
> In addition, if State Farm understands this question correctly, it is so broad as to seek information that is confidential, proprietary, and/or trade secret business documentation, and these privileges are asserted. Subject to the objections, see the documents regarding payments made in connection with plaintiff's claim contained within the Claim File.

The amounts State Farm paid to its outside, third-party adjusters handling Plaintiff's claim is relevant to potential bias. The governing protective order is sufficient to address any proprietary

or confidentiality concerns. Accordingly, State Farm must produce copies of its invoices from the third-party adjusters involved who played a role in the adjustment of Plaintiff's Hurricane Ida claim.

> REQUEST FOR PRODUCTION NO. 25:
> Please produce any information regarding weather conditions on which you relied in making decisions on the Plaintiffs' claims.
> RESPONSE TO REQUEST FOR PRODUCTION NO. 25:
> State Farm objects to this request as vague and ambiguous. State Farm further objects that this request seeks information that is not relevant and is not proportional to the needs of this case. Subject to and without waiver of the foregoing objections, please see attached claim documentation.

State Farm's objections are overruled. To the extent that State Farm has actual or constructive possession, custody or control of the documents upon which its third-party adjuster relied, State Farm must produce same. If State Farm cannot obtain those documents from the third-party adjuster after request, it must represent that it has been unable to obtain same despite request.

> REQUEST FOR PRODUCTION NO. 31:
> Please produce any and all documentation, assignment sheet, notes, transcripts, and/or communication with Roofing Locator Service, including guidelines or manuals on how to access and use access Roofing Locator Service.
> RESPONSE TO REQUEST FOR PRODUCTION NO. 31:
> State Farm objects to this request as it is vague, ambiguous, unduly burdensome, overly broad in subject matter and scope, seeks documentation that is not relevant, and seeks documentation that is not reasonably calculated to lead to the discovery of admissible evidence.
> In addition, if State Farm understands this question correctly, it is so broad as to seek information that is confidential, proprietary, and/or trade secret business documentation, and these privileges are asserted.

Plaintiff indicates that some documents were produced, but no documents regarding how this service was used or accessed. ECF No. 29-1 at 15. State Farm responds that, until reading Plaintiff's motion, it did not understand that he sought the guidelines and manuals for Roofing Locator Service, and it has agreed to produce same upon entry of a protective order. ECF No. 59

at 5. To the extent that State Farm has not yet produced the relevant guidelines and manuals relating to use of Roofing Locator Service and in light of the Court's entry of the stipulated protective order, State Farm is ordered to supplement its production to provide same.

IV.     **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein. No fees are awarded given that partial success and failure of the motion as well as the Court's concerns regarding the Rule 37 conference and short time between the conference and the filing of this motion.

New Orleans, Louisiana, this __27th__ day of January, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE