UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACK DVEIRIN                                          CIVIL ACTION

VERSUS                                               NO. 23-5146

STATE FARM FIRE AND CASUALTY INSURANCE               SECTION A (2)
CO.

## ORDER

The following motion is before the Court: **Motion Lodging Objections to and Requesting Review of the Magistrate's Decision to Grant Defendant's Motion for Determination of Privilege, Deny Plaintiff's Motions for Protective Order and to Depose Opposing Counsel, and Recommendation to Deny Plaintiff's Motion to Disqualify Counsel (Rec. Doc. 74)** filed by the plaintiff, Jack Dveirin. The defendant, State Farm Fire and Casualty Co., opposes the motion. The motion, submitted to the Court on April 2, 2025, is before the Court on the briefs without oral argument.

Plaintiff challenges Magistrate Judge Donna Currault's February 19, 2025 Order and Reasons; Findings and Recommendations (Rec. Doc. 72), in which she addressed, following an evidentiary hearing, numerous issues pertaining to an inadvertent disclosure by Plaintiff that occurred as part of an electronic discovery production.[1] The production included a 21-page document prepared by Dveirin after he became dissatisfied with State Farm's handling of his claim but before he consulted with an attorney (Dveirin is an attorney

---

[1] This is a first-party property insurance case for damages allegedly sustained to Plaintiff's property during Hurricane Ida. The dispute was not resolved through the Streamlined Settlement Program so the case was returned to the Court's active docket. On January 13, 2025, the Court continued the trial that was set for March 31, 2025, and stayed all remaining pretrial deadlines pending resolution of the motions that were addressed in Judge Currault's Order and Reasons; Findings and Recommendations. (Rec. Doc. 54, Order).

and family law practitioner). It is the Court's understanding that Dveirin's narrative described

some damage that may have preexisted Hurricane Ida, mentioned photographs not

produced in discovery, and according to State Farm may have contradicted Plaintiff's prior

written discovery responses. When State Farm's attorney Robin Cassedy noticed the

document she emailed Plaintiff's counsel to advise of what appeared to be the inadvertent

production of the Dveirin narrative. Plaintiff's counsel confirmed that the document should

not have been produced. While Cassedy disputed that the document was privileged, she

agreed to sequester the document. The parties then participated in an emergency status

conference with Judge Currault. Several motions were filed before Judge Currault and

Plaintiff filed a motion to disqualify State Farm's counsel, which this Court referred to Judge

Currault for a Recommendation given that the disqualification issue was so related to the

issues already being addressed by Judge Currault in connection with the motions before

her pertaining to the inadvertent disclosure.

On January 29, 2025, Judge Currault held oral argument and an evidentiary hearing

after which she ordered supplemental briefing and took all of the motions under advisement.

In her extensive and thorough written reasons that followed, Judge Currault concluded that

the Dveirin narrative was subject to the attorney client privilege but that the privilege had

been waived, not by the inadvertent disclosure, but rather by Dveirin's production of the

document to his long-time domestic partner and paralegal, Ms. Brewton. Judge Currault

held open the possibility (until after Dveirin could be deposed) that the document could be

protected under the work product doctrine or on the other hand perhaps discoverable.

Judge Currault found no basis to support disqualifying State Farm's counsel and its experts

or to allow Dveirin to depose State Farm's counsel. Finally, although Plaintiff's motion for a

protective order was moot in light of this Court's temporary stay of discovery, Judge Currault

opined that Dveirin's deposition should go forward and that certain photographs that State

Farm obtained from the assessor's office should have been produced in discovery and therefore should not be subject to a protective order even if State Farm's counsel learned about the existence of the photographs from the inadvertent disclosure. As Judge Currault explained, the status of Plaintiff's property prior to Hurricane Ida and the extent of damages caused by Ida are core issues in the case that State Farm has the right to discover. In fact, the possibility of preexisting damage is an issue explored in most hurricane cases. The inadvertent disclosure, for which State Farm was not at fault, could not preclude State Farm from pursuing that discovery. (Rec. Doc. 72, Order and Reasons at 42).

The Court considers Plaintiff's challenge to the ruling in the context of Rule 72 which requires the Court to modify or set aside any part of an order that is clearly erroneous or contrary to law. Fed. R. Civ. Pro. 72(a); 28 U.S.C. § 636(b)(1)(A). Plaintiff has not demonstrated that Magistrate Judge Currault's ruling was clearly erroneous or contrary to law. The Court finds the ruling and the reasoning upon which it is based to be thorough and unimpeachable. And much of what Plaintiff raises in his motion is a reiteration of the arguments made before the magistrate judge.[2]

First of all, State Farm's counsel acted in accordance with her ethical obligations when she noted the likely inadvertent disclosure. At the evidentiary hearing, all of Plaintiff's accusations against opposing counsel were debunked. Plaintiff could produce no evidence that Cassedy had communicated the contents of the Dveirin narrative to anyone, including State Farm's experts. As Judge Currault explained, preexisting damage to a structure is usually an issue in hurricane cases. There is simply no basis to disturb the magistrate

---

[2] Plaintiff seeks to escape Judge Currault's ruling by arguing that once she elected to conduct an evidentiary hearing, she could no longer rely upon the parties' exhibits submitted in conjunction with their briefing without formally admitting them into evidence. And having relied upon those exhibits without formally admitting them into evidence, that the magistrate judge's ruling must be reversed. The Court finds no merit to this argument given that the procedure that Judge Currault used is the same procedure that the district court would have followed.

judge's conclusions with respect to the motion to disqualify State Farm's counsel and its experts. The same holds true for the motion to depose Cassedy. Those matters will not be revisited.

Further, Plaintiff fails to demonstrate that Judge Currault erred when determining that the Dveirin narrative is ordinary work product. That issue will not be revisited.

Second, Plaintiff challenges Judge Currault's finding that Plaintiff waived the attorney-client privilege for the Dveirin narrative when he shared it with his domestic partner and paralegal Ms. Brewton. Both Dveirin and Ms. Brewton testified at the hearing. Although the transmittal of the narrative to Plaintiff's counsel occurred using Brewton's email, Brewton testified that she did not recall sending the document and Dveirin testified that he sometimes used Brewton's email address. Brewton knew that at some point she had reviewed the narrative. The subject of waiver pertaining to Ms. Brewton was explored and Judge Currault ordered supplemental briefing on the issue. Thus, when the evidentiary hearing was adjourned Plaintiff knew that the magistrate judge was focusing on the issue of waiver surrounding Brewton's review of the narrative. At the hearing the magistrate judge had learned for the first time that Dveirin and Brewton were not married, and therefore the spousal privilege did not apply.

Yet Plaintiff now asks this Court to revisit the waiver issue vis à vis Brewton by maintaining that upon further investigation and review of the pertinent emails, new information demonstrates that both Dveirin and Brewton sent transmittal emails to Plaintiff's counsel about the Dveirin narrative, and that had the magistrate known this, her ruling regarding waiver would have been different.

Given that the magistrate judge specifically ordered supplemental briefing regarding Brewton's access to the narrative so that she could determine whether Brewton's review of the narrative constituted a waiver of the attorney-client privilege, the Court finds it rather

inexplicable that Plaintiff did not adequately review the pertinent emails while this matter was pending before the magistrate judge. It was clear at the hearing that the magistrate judge had learned that Dveirin and Brewton were not married so no spousal privilege attached to the Dveirin narrative. The emails that Plaintiff now relies upon to try to overturn the magistrate judge's ruling are not "new" and they were always in Plaintiff's possession. The magistrate judge's conclusion regarding waiver of the attorney client privilege was not clearly erroneous or contrary to law based on the evidence that she had before her. To be clear, the Court is not suggesting that the outcome would be different if Plaintiff had presented the unredacted emails to the magistrate judge before she issued her ruling. But the Court declines to disturb the magistrate judge's sound ruling based on evidence that Plaintiff had in his possession at all times and that should have been provided to the magistrate judge along with his supplemental briefing.[3]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion Lodging Objections to and requesting Review of the Magistrate's Decision to Grant Defendant's Motion for Determination of Privilege, Deny Plaintiff's Motions for Protective Order and to Depose Opposing Counsel, and Recommendation to Deny Plaintiff's Motion to Disqualify Counsel (Rec. Doc. 74)** filed by the plaintiff, Jack Dveirin, is **DENIED.**

**IT IS FURTHER ORDERED** that the **Motion to Disqualify Counsel (Rec. Doc. 39)** filed by the plaintiff is **DENIED.** The Court, after considering the plaintiff's motion, the record, the applicable law, and the Magistrate Judge's Findings and Recommendation,

---

[3] Plaintiff is free to move the magistrate judge for reconsideration as to the Brewton waiver issue only. But if the magistrate judge determines that reconsideration is not appropriate for any reason, including that Plaintiff was dilatory in producing relevant evidence while the matter was still pending before her, then this Court will not overturn that determination.

hereby approves the Magistrate Judge's Findings and Recommendation and adopts it as its opinion.

**IT IS FURTHER ORDERED** that the plaintiff shall be deposed within 20 days from entry of this order.

**IT IS FURTHER ORDERED** that following the plaintiff's deposition, the parties shall participate in a settlement conference with the magistrate judge within 45 days from entry of this order. If the case is not resolved, then the Case Manager for Section A will notice a scheduling conference for the purpose of selecting a new trial date and those deadlines necessary to prepare the case for trial.

April 8, 2025

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE